UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY DWAYNE KING, JR.,

    Plaintiff,

v.                                           Case No. 05-CV-72849-DT

CORPORATION OF THE UNITED STATES
OF AMERICA et al.,

    Defendants.
                                       /

**ORDER OF DISMISSAL AND GRANTING DEFENDANT AMY HATHAWAY'S "MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1), (2), & (6)," GRANTING DEFENDANTS' MICHAEL COX, MARK BERKE, FELICIA COURTRIGHT, AND TARIQ HAFEEZ'S "MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1), (2), & (6)," AND GRANTING IN PART DEFENDANTS LIPSON, NEILSON, COLE, SELTZER, & GARIN, P.C.'S "MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND FOR SANCTIONS UNDER RULE 11"**

Pending before the court is Defendant Amy Hathaway's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6) [Dkt. #7], filed August 30, 2005, Defendants Attorney General Michael Cox, Special Assistant Attorney General Mark Berke, and Assistant Attorneys General Felicia M. Courtright, and Tariq S. Hafeez's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6) [Dkt. #9], filed August 31, 2005, and Lipson, Neilson, Cole, Seltzer, & Garin, P.C.'s "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and for Sanctions Under Rule 11" [Dkt. #10], filed September 20, 2005. A response to a dispositive motion is due twenty-one days after service. E.D. Mich. LR 7.1(d)(1)(B). Therefore, the last day by which a response should have been filed to the latest filed motion was October 14, 2005. No response has been filed by Plaintiff to any motion, and more than seven weeks have since

passed. Having reviewed the motions, the court concludes that a hearing is unnecessary. E.D. Mich. LR 7.1(e)(2). For the reasons set forth below, the court will grant Amy Hathaway's and Michael Cox, Mark Berke, Felicia Courtright, and Tariq Hafeez's motions and will grant in part Lipson, Neilson, Cole, Seltzer, & Garin, P.C.'s motion.

## I. BACKGROUND

Plaintiff Jerry Dwayne King, Jr.[1] filed his seventy-page complaint on July 21, 2005. In the complaint, among the rambling and essentially indecipherable statements, many of which seem to be attempting to establish this court's jurisdiction and his posture as a "Sovereign Indigenous Moor," Plaintiff appears to be complaining of his criminal prosecution and conviction for his failure to pay child support.

The Attorney General's office conducted the criminal investigation relating to Plaintiff's nonpayment of child support and initiated criminal charges against him. Special Assistant Attorney General Mark Berke was the lead prosecutor during Plaintiff's criminal trial and Assistant Attorneys General Felicia Courtright and Tariq Hafeez assisted in the prosecution. As a result of the prosecution, Plaintiff was convicted of felony nonsupport in the court of Judge Amy Hathaway, sentenced to five years probation and ordered to pay restitution.

---

[1] Actually Plaintiff refers to himself with extraneous punctuation, additional syllables and a geographic supplement, as "Jerry Dwayne: King Jr.-El (A Sovereign Indigenous Moor, of the Moorish Empire, Natural-Born Sovereign, AL MOROC, North-West Africa, Amexam, NOW Known As North America." (*See* Compl at 1.) The court, in the interest of brevity, will refer to him as either "Plaintiff" or "King."

## II. STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Michigan S RR Co v. Branch & St Joseph Counties Rail Users Ass'n Inc,* 287 F.3d 568, 573 (6th Cir. 2002).

### B. Federal Rule of Civil Procedure 12(b)(2)

If a district court lacks jurisdiction over the defendants, dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(2). "The burden of establishing jurisdiction is on the plaintiff." *Tobin v. Astra Pharm. Prod., Inc.*, 993 F.2d 528, 543 (6th Cir. 1993). The court has three procedural options when presented with a motion to dismiss filed under Rule 12(b)(2). It may decide the motion upon the affidavits alone, it may allow discovery in aid of deciding the motion, or it may conduct an evidentiary hearing to resolve factual questions. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991); *Ford Motor Co. v. Great Domains, Inc.*, 141 F. Supp. 2d 763, 770 (E.D. Mich. 2001).

When a district court rules on a Rule 12(b)(2) motion to dismiss without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff. *Theunissen v. Matthews*, 935 F.2d 1454, 1458-59 (6th Cir. 1991). Dismissal in this procedural posture is proper only if all the specific

facts which the plaintiff alleges collectively fail to state a *prima facie* case for jurisdiction. *Id.*

### C.  Federal Rule of Civil Procedure 12(b)(6)

In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.  *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Medical Center*, 58 F.3d 1130, 1138 (6th Cir. 1995).  When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor.  *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  Hence, a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations. *Wright*, 58 F.3d at 1138; *Columbia Natural Resources, Inc.*, 58 F.3d at 1109.

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions.  *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1100-01 (6th Cir. 1995).  The complaint should give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994).  "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under

*some* viable legal theory.'" *Lillard*, 76 F.3d at 726 (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

A *pro se* litigant's complaint is to be construed liberally (by a standard less stringent than would be applied to attorneys) but still must plead facts sufficient to show a cognizable legal wrong has been committed and that plaintiff may be entitled to relief. *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir. 1993); *Estelle v. Gamble,* 429 U.S. 97 (1976)); *Haines v. Kerner,* 404 U.S. 519 (1972).

A suit may be dismissed as frivolous when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir.1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzke,* 490 U.S. at 327-28; *Lawler,* 898 F.2d at 1199.

### III.  DISCUSSION

Plaintiff's complaint, in paragraphs that might otherwise be interpreted as causes of action, intones such captions as *"Misprison," "Violation for Michigan judges not recusing themselves"* and *"This is my land and defendants owe us a tribute for the right to commerce on our land."* The complaint seeks relief in the form of "$500,000,000 per count, plus 7% interest and Punitive and Compensatory damages and that all defendants be given all the prison time the law will allow." (Compl. at 25.) He also seeks "the release of all Moors from jail and prison . . . AND STOP ALL ATTORNEY,

5

PROSECUTOR AND DEFACTO JUDGES FROM PRACTICING LAW WITHOUT A LICENSE AND GIVE THEM LIFE IN PRISON FOR DOING SO AND GIVE PLAINTIFF $650,000,000 FOR HIS DISHONOR." *Id.* (caps in original).

King's complaint lacks an arguable or rational basis in law as to the judicial and prosecutive defendants since they are clearly entitled to immunity from suit. Judge Amy Hathaway presided over King's criminal proceedings, brought by the attorney general defendants in the ordinary course of their duties. The court notes that a judge performing his or her judicial function is absolutely immune from suit seeking monetary damages. *Mireles v. Waco,* 502 U.S. 9, 9-10 (1991). An act is "judicial" if it is one normally performed by a judicial officer and if the parties deal with the judge in his official capacity. *Stump v. Sparkman*, 435 U.S. 349, 360 (1978). Therefore, Judge Hathaway is immune from Plaintiff's suit.

Plaintiffs' claims against the attorney general and assistant attorneys general are based upon their actions in prosecuting him. It is well-established that prosecutors enjoy absolute immunity from suits under § 1983 for conduct related to the initiation and presentation of the state's case. *Imbler v. Pachtman,* 424 U.S. 409, 420, 431 (1976); *Higgason v. Stephens,* 288 F.3d 868, 878 (6th Cir. 2002). To the extent any assistant attorney general is sued in his individual capacity, such action is barred by absolute prosecutorial immunity. Plaintiff's claim is also barred by the Eleventh Amendment. *See Will v. Mich. Dept. Of State Police,* 491 U.S. 58, 64, 71 (1989).

In addition to the immune judicial and prosecutive defendants, Plaintiff also sues certain unserved defendants, "Corporation of the United of America," [sic], John W.

Snow, Secretary of Treasury of the United States, "Corporation of State of Michigan," court reporter Charisse Clark and various private attorneys.

All of Plaintiff's claims, however, against whomever they may be stated, are subject to dismissal for lack of subject matter jurisdiction. The court notes that a fee-paid complaint that is totally implausible or frivolous may be dismissed by the court sua sponte for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999); *Duncan v. Rolm Mil-Spec Computers,* 917 F.2d 261, 263 (6th Cir. 1990).

King's lengthy complaint is premised essentially on the assertion that he is "sovereign" and thus beyond the reach of ordinary state court jurisdiction. The court has read King's rambling assertions searching for legitimate legal claims for relief and has found none. King's complaint and prayer for monetary relief is without basis, and his demand for immediate imprisonment of all attorneys and judges in Michigan is beyond the authority of this court. His complaint is frivolous. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

As to the sanctions portion of Defendant Lipson, Neilson, Cole, Seltzer, & Garin, P.C.'s "Motion to Dismiss . . .":

> Federal Rule of Civil Procedure 11 states that a party who signs a pleading avers that it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Any party who signs a pleading in violation of this rule can be ordered by the court to pay the other party's reasonable expenses in defending the action.

*Danvers v. Danvers*, 959 F.2d 601, 604 (6th Cir. 1992). The court, however, in its discretion, will not impose sanctions against Plaintiff.

### IV. CONCLUSION

IT IS ORDERED that Plaintiff's complaint [Dkt. # 1] is DISMISSED with prejudice.

IT IS ALSO ORDERED that Amy Hathaway's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6)" [Dkt. # 7] and Michael Cox, Mark Berke, Felicia Courtright, and Tariq Hafeez's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6)" [Dkt. # 9] are GRANTED.

IT IS FURTHER ORDERED that Lipson, Neilson, Cole, Seltzer, & Garin, P.C.'s "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and For Sanctions" [Dkt. # 10] is GRANTED IN PART and DENIED IN PART. It is granted with respect to the request for dismissal of the complaint, but denied with respect to the request for sanctions.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 7, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 7, 2005, by electronic and/or ordinary mail.

S/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522